UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RANDALL FAWCETT,<br><br>         Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>         Respondent. | No. 1:22-cv-00671-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED PETITION<br><br>FOURTEEN DAY DEADLINE<br><br>(Doc. No. 6)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

Petitioner Mark Randall Fawcett ("Petitioner"), proceeding *pro se*, initiated this case on June 3, 2022 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). A preliminary screening of the petition revealed that Petitioner failed to name a proper respondent and the petition was illegible. The undersigned granted leave to amend the petition on July 19, 2022, and Petitioner submitted a First Amended Petition on September 7, 2022. (Doc. Nos. 4, 6). For the reasons set forth below, the Court recommends that the First Amended Petition be dismissed because it an unauthorized second or successive petition. Additionally, the First Amended Petition is procedurally deficient and fails to state a cognizable federal habeas claim

////

////

1

# I. DISCUSSION

## A. Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## B. Unauthorized Second or Successive Petition

A second or successive petition that raises the same grounds as a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). Dismissal also is required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of Appeals to proceed. *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020). This court is mandated to dismiss a second or successive petition unless the Court of Appeals has given petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner appears to challenge his 2014 conviction for two felony counts. (Doc. No. 6 at 5). Here, the Court takes judicial notice of its files and notes Petitioner has filed two previous habeas petitions in this Court, both challenging his 2014 conviction for vandalism and stalking entered by the Merced County Superior Court: *See Fawcett v. Koenig*, No. 1:19-cv-01250-AWI-JLT; *Fawcett v. Merced Cty Sup. Ct.*, No. 1:20-cv-01566-AWI-EPG. Petitioner's first petition (1:19-cv-01250-AWI-JLT) was denied for failure to state a cognizable federal habeas claim; and his subsequent petition was dismissed as successive (1:20-cv-01566-AWI-EPG). *See Plaut v. Spendthrift Farms, Inc.,* 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, . . . treat a dismissal for failure to state a claim . . . as a judgment on the merits."); Brian R. Means, *Federal Habeas Manual* § 11.48 (2022 ed.) ("If the federal court in denying the initial petition conclusively determines that the claims presented could not establish a ground for federal habeas relief, the petition is deemed to have been decided on the merits for the purposes of the second or successive petition rule. Whether the federal court actually determined the substantive merits of the underlying claims in the initial petition is not determinative.").

Because Petitioner has sought relief from this Court on two prior occasions for the same conviction, the undersigned finds that the instant amended petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254. *See Burton*, 549 U.S. at 157. The undersigned recommends, in the alternative, that the first amended petition be dismissed as an unauthorized successive petition.

**C. Failure to State a Cognizable Federal Claim**

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

3

    (1) Specify all the grounds for relief available to the petitioner;
    (2) State the facts supporting each ground;
    (3) State the relief requested;
    (4) Be printed, typewritten, or legibly handwritten; and
    (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Petitioner elected not to file his amended petition on the approved form. Therefore, it lacks critical information. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by a local district-court rule."

The First Amended Petition vaguely asserts a claim of ineffective assistance of counsel and due process violations. (Doc. No. 6 at 5-6). However, like the initial petition, various portions of the First Amended Petition, including the supporting facts and supporting case law sections, are difficult to read and rambling in an incoherent fashion. (*See id.*). Rule 2(c)(4) requires a handwritten habeas petition to be legible. *See also Sawyer v. Unknown*, 2009 WL 136856, at *1 (E.D. Cal. Jan. 20, 2009) (dismissing illegible amended petition without prejudice, noting that "because the court cannot read the petition, it cannot proceed to review it.").

The Court also notes that Petitioner failed to sign the First Amended Petition under penalty of perjury. Rule 2(c) requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Rule 11 also requires all pleadings, written motions, and other papers be signed by at least one attorney of record or by a party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b).

Finally, the "facts" offered in support of the claims are largely nonsensical and conclusory. To the extent discernable, the First Amended Petition asserts that Petitioner entered a guilty plea unknowingly, expert testimony was "false," the court and attorneys withheld discovery, and there was "conspiracy and collusion" interchangeably involving police, prosecutors, and defense counsel. (*See generally* Doc. No. 6). Based on the foregoing, the undersigned recommends the First Amended Petition be dismissed alternatively as procedurally

deficient and for failing to state a cognizable federal habeas claim.

## II.   CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

Further, it is **RECOMMENDED**:

1. The first amended petition (Doc. No. 6) be DISMISSED for failure to state a cognizable claim, and the alternative, as an unauthorized successive petition.
2. No certificate of appealability be issued.
3. The Clerk of Court terminate any pending motions/deadlines and close the case.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: October 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE